IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0051-06






JULIUS ARCHIE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


McLENNAN COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION 



 The only possible error in this case was the denial of the motion for mistrial, but
the court of appeals analyzed the issue backward. Rather than considering the trial
court's failure to grant a mistrial and determining whether doing so was an abuse of
discretion, the court found error in that the judge's instruction did not cure the prejudicial
effect of the comment, and then analyzed this to determine whether it was harmful. The
court determined that because it may have contributed to the punishment assessed, the
comment was harmful. The majority properly determines that because the trial court did
not abuse its discretion in failing to grant the mistrial, there was no error and thus no
harm.

 I write separately to emphasize the distinction between this type of comment
occurring during the guilt phase of trial and this type of comment occurring during the
punishment phase of trial. The majority points out the difference in analysis of the third
factor, but I feel that the other factors are analyzed differently as well. The magnitude of
the comment on the failure to testify is not the same if it may have affected only the
punishment as it would be if it may have affected the determination of guilt. Thus, the
issue raised in this case may have been different if the comment on the failure to testify
was during the guilt phase. In that situation, the judge's admonition to the jury to follow
the instructions in the charge may not have been sufficient.

 With these comments, I join the opinion of the majority.


 Meyers, J.


Filed: May 2, 2007

Publish